UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
TONYA GARCIA,

                            Plaintiffs,

                -against-

CITY OF NEW YORK; Det. FRANCISCO MOJICA, Sgt. STEVEN BOZEMAN, Det. SHKELZEN AHMETAJ, P.O. KEITH DEVINE, JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                           Defendants.
------------------------------------------------------------------ X

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiffs' rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.  Plaintiffs demand a trial by jury in this action.

## PARTIES

6.  Plaintiffs Tonya Garcia ("plaintiff") is a resident of New York County in the City and State of New York.

7.  Police Officers Det. Francisco Mojica ("Mojica"), Sgt. Steven Bozeman ("Bozeman"), Det. Shkelzen Ahmetaj ("Ahmetaj"), P.O. Keith Devine ("Devine") are members of the New York City Police Department who were acting under color of state law and in their capacity as City law enforcement officers at all relevant times. The Officers are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The Officers are sued in their individual and official capacities.

8.  Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9.  At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiffs do not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12. On or about October 2, 2013 at approximately 6:00 a.m., plaintiff Tonya Garcia, was lawfully within their home located at 79 Baruch Drive, Apt. 3B, New York, New York.

13. Plaintiff was awoken when she heard unknown men banging on her door.

14. Shortly thereafter between 5 and 6 police officers, including defendants, were shining a flashlight in her face and demanding to know the location of her son.

15. Plaintiff's son was not home and plaintiff could not answer the officers' question.

16. Plaintiff asked the officers how they got into her apartment and whether they had a warrant.

17. The officers told plaintiff that they did not have a warrant but that her door was open.

18. Plaintiff's door was perhaps unlocked, but it was not open.

19. Despite plaintiff's repeated requests that they leave, the defendants continued to shine a flashlight in plaintiff's face and question her.

20. When plaintiff asked the defendants for their badge numbers, each officer turned his badge around.

21. Ultimately, Mojica, provided plaintiff with a business card, asking plaintiff to give the card to her son.

22. The other defendants continued to refuse to provide their names or badge numbers.

23. Ultimately the officers left plaintiff's home.

24. Shortly thereafter, plaintiff file a complaint with the Civilian Complaint review Board ("CCRB") complaining about the defendants' illegal entry into her home, subsequent interrogation and refusal to identify themselves.

25. Plaintiff testified under oath twice at CCRB.

26. Charges of "Abuse of Authority" were substantiated against defendants Mojica, Bozeman, Ahmetaj and Devine.

27. Plaintiffs suffered damage as a result of defendants' actions. Plaintiffs were deprived of their liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to their reputation.

# FIRST CLAIM
## 42 U.S.C. § 1983

28. Plaintiffs repeat and re-allege each and every allegation as if fully set forth herein.

29. Defendants, by their conduct toward plaintiffs alleged herein, violated plaintiffs' rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

30. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

# SECOND CLAIM
## Unlawful Entry and Search

31. Plaintiffs repeat and re-allege each and every allegation as if fully set forth herein.

32. Defendants violated the Fourth and Fourteenth Amendments because they unlawfully entered and search plaintiffs' home.

33. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

# THIRD CLAIM
## Failure To Intervene

34. Plaintiffs repeats and realleges each and every allegation as if fully set forth herein.

35. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

36. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

37. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

# PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED: July 23, 2015
New York, New York


/s
Robert Marinelli
305 Broadway, 9th
New York, New York 10007
(212) 822-1427
robmarinelli@gmail.com

*Attorney for plaintiffs*