

ZACHARY W. CARTER
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

ARIEL S. LICHTERMAN
*Assistant Corporation Counsel*
Phone: (212) 356-3520
Fax: (212) 356-3509
alichter@law.nyc.gov

January 22, 2016

**BY ECF**
Hon. Ronnie Abrams
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

        Re:    <u>Tonya Garcia v. The City of New York, et al.</u>
                  15-CV-05835 (RA)

Your Honor:

        I am an Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel for the City of New York, and the attorney assigned to represent the City of New York ("City") in the above-referenced matter. The parties write jointly in accordance with Your Honor's Order dated November 17, 2015.

1. **A brief description of the nature of the action and the principal defenses thereto;**

        This is a civil rights action in which Plaintiff seeks relief for the alleged violation of her rights pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution. This case arises from an alleged incident on October 3, 2012 in which several New York City Police Department ("NYPD") officers entered Plaintiff's apartment without a warrant in search of Plaintiff's son, who was wanted for questioning. Plaintiff now brings claims for the alleged unlawful entry and failure to intervene.

        Defendant City of New York denies that members of the NYPD unlawfully entered Plaintiff's apartment on October 3, 2012 or that Plaintiff's Constitutional rights were violated. Further, to the extent Plaintiff alleges that officers failed to intervene in any alleged unlawful entry, Defendant City submits that no reasonable opportunity to intervene existed.

2. **A brief explanation of why jurisdiction and venue lie in this Court. If any party is a corporation, the letter shall state both the place of incorporation and the principal place of business. If any party is a partnership, limited partnership, limited liability company or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners and/or trustees;**

   Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331, 1343, and 1367. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c), in that this is the District in which the claims arose.

   Defendant City is a municipal corporation duly incorporated pursuant to the laws of the State of New York.

3. **A brief description of all contemplated and/or outstanding motions;**

   No motions are outstanding. The parties reserve their right to move for summary judgment after the close of fact discovery.

4. **A brief description of any discovery that has already taken place, and/or that which will be necessary for the parties to engage in meaningful settlement negotiations;**

   Plaintiff has provided defense counsel with unsealing releases to access Plaintiff's sealed records, if any. The parties expect to exchange disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure within two (2) weeks of the conference currently scheduled for January 29, 2015.

5. **A brief description of prior settlement discussions (without disclosing the parties' offers or settlement positions) and the prospect of settlement;**

   An initial demand and counter-offer have been made.

6. **The estimated length of trial; and**

   The parties estimate that trial would last three (3) days.

7. **Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.**

   None at this time.

Respectfully submitted,

/s

Ariel Lichterman
Assistant Corporation Counsel

cc:   Robert Marinelli, Esq. (Via ECF)
      305 Broadway, 14th Floor
      New York, NY 10007